UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF RHODE ISLAND


IN RE: Michael J. Begin                          CHAPTER 7
                                                 Case No. 26-10476

        Debtor


**EMERGENCY MOTION BY DEBTOR TO RESTRAIN THE SECURED CREDITOR FROM FORECLOSING ON THE DEBTOR'S RESIDENCE AND MOTION TO REIMPOSE THE AUTOMATIC STAY**

Now Comes the Debtor, Michael J. Begin, by and through the undersigned counsel, pursuant to Bankruptcy Rules 9023 and 9014, and hereby respectfully moves this Court to restrain the secured creditor, vacate its prior order lifting the automatic stay and to reimpose the automatic stay. USCS Bankruptcy R 9014, USCS Bankruptcy R 9023. The Debtor also seeks emergency determination for this said Motion.  In support of this Motion, Debtor states as follows:

**BACKGROUND**

1.  On March 6, 2025, the Debtor filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code. This herein action was dismissed on October 2, 2025. Unknown to both the Debtor and his attorney, a second voluntary petition under Chapter 13 was filed un the District of Oregon on February 18, 2026 by a company called STOP ACTION PRO as case number 26-30540.  The Debtor asserts that he did not know that a bankruptcy petition was filed and that the automatic stay kicked in.  The Debtor was hoping that a loss mitigation process would occur with the secured lender.  This OR Chapter 13 was dismissed on March 12, 2026.  On May 27, 2026 [today] the Debtor filed a Chapter 7 petition for relief hoping that he could stop the foreclosure set for May 28, 2026 at 11:00 a.m.  It was today that the Debtor's attorney found out about the OR filing.  The Debtor needs emergency determination due to the fact that the sale is scheduled to occur

tomorrow at 11:00 a.m.

**LEGAL ARGUMENTS**

The Debtor knows that the automatic stay is not present after a third filing pursuant to the

Bankruptcy Code, Section 362.  However, the Debtor has a purchase and sales agreement which

is attached hereto, which the parties anticipate will close on June 10, 2026.  At that point, the

secured lender will be paid in full, with costs, and any nonexempt assets will be distributed to

creditors.  This Court has the authority under 11 USC Section 105(a) to reimpose the stay.

11 USC Section 105(a) is pertinent to this case herein:

> (a)  The court may issue any order, process, or judgment that is necessary or
> appropriate to carry out the provisions of this title. No provision of this title
> providing for the raising of an issue by a party in interest shall be construed to
> preclude the court from, sua sponte, taking any action or making any
> determination necessary or appropriate to enforce or implement court orders
> or rules, or to prevent an abuse of process.

The Debtor is seeking this Honorable Court to utilize its power and authority under Section 105

to reimpose the automatic stay as per the agreement of the parties.  To allow the Creditor to

foreclose on the Debtor's primary residence would be an abuse of process by the Creditor.

Case law in the RI Bankruptcy Court and this circuit allows the bankruptcy court to use this

section to reimpose the automatic stay.  In In Re Bogosian, 112 B.R. 2 (Bkrtcy. D. R.I., 1990),

Judge Votolato reimposed the automatic stay based upon the creditor's actions, which he felt

were suspect.  He based his opinion on the use of 11 USC Section 105(a), upon other provisions.

Also see In re Belmont Realty Corp., 112 B.R. 4 (Bankr.D.R.I. 1990).  In In re

MacDonald/Associates, Inc., 54 B.R. 865 (Bkrtcy. D. RI. 1985), the Rhode Island Bankruptcy

Court noted that 11 USCS § 105 a) grants bankruptcy courts the traditional injunctive powers of

a court of equity. To obtain injunctive relief, including reimposing the stay, the movant must

meet the four-factor test:

(1) the plaintiff will suffer irreparable injury if the injunction is not granted;
(2) the injury to the plaintiff outweighs any harm which granting injunctive relief would inflict on the defendant;
(3) the plaintiff has shown a likelihood of success on the merits; and
(4) an injunction will not adversely affect the public interest.  In re

MacDonald/Associates, Inc., 54 B.R. 865 (Bkrtcy. D. RI. 1985).

An analysis of the 4-prong test as set forth in MacDonald/Associates illustrates that this Court

has the authority to reimpose the automatic stay in this instant matter First, the Debtor will suffer

irreparable injury/harm if his primary residence were lost in a foreclosure sale. This will cause

the Debtor to be homeless, which is irreparable.  Second, the harm to the Debtor clearly

outweighs any harm to the Creditor who under the agreement, would not suffer any harm

whatsoever.  Third, the Debtor's success on the merits is confirmed by his compliance with the

terms of the purchase and sales agreement.  The Debtor's residence has a significant equity

cushion, and his residence is needed for a successful reorganization of the bankruptcy estate.

Fourth, no public policy would be affected by reimposing the automatic stay.  Therefore, under

11 USC. Section 105(a), the Debtor respectfully requests that this Court reimpose the automatic

stay and enjoin the Creditor from conducting the foreclosure sale.  [see In Re Flynn, 582 B.R.

25, United States Bankruptcy Appellate Panel of the First Circuit., Feb 26, 2018; Auburn News

Co., Inc. v.Providence Journal Co., 659 F.2d 273(1st Cir. 1981)].

**CONCLUSION**

It would be manifestly inequitable for the Debtor to be barred by the 3rd filing rule when he did not understand the consequences of the OR filing.  This Honorable Court does have tools at its disposal to rectify these wrongs to the Debtor.

WHEREFORE, the Debtor respectfully requests that this Court:

1. enjoin the Creditor from continuing the foreclosure proceedings as set forth above, set to be commenced on May 28, 2026 at 11:00 a.m.

2. Any further relief this Honorable Court shall deem just and proper.

Dated:  May 27, 2026

Michael J. Begin
By his attorney,

/s/ David L. Graham

David L. Graham, Esq., #3034
840 Smithfield Avenue
Lincoln, RI 02865
(401) 861-4056
(401) 475-3822
DGraham554@aol.com

## CERTIFICATE OF SERVICE

**I, David L. Graham, hereby certify that I have sent a copy of this EMERGENCY MOTION BY DEBTOR TO RESTRAIN THE SECURED CREDITOR FROM FORECLOSING ON THE DEBTOR'S RESIDENCE AND MOTION TO REIMPOSE THE AUTOMATIC STAY, by ECF transmission to each of the parties listed below on the 27th day of May, 2026.**

Parties served:

Office of the United States Trustee

Joseph M. DiOrio, Chapter 7 Trustee

US Bank Trust, NA by
Tatyana Tabachnik, Esq.


/s/ David L. Graham

_____
DAVID L. GRAHAM