# Opendoor

## AFFILIATED BUSINESS ARRANGEMENT DISCLOSURE STATEMENT

To:    MICHAEL BEGIN
From: Opendoor Labs Inc. and its affiliates identified below
Property:    18 Sherwood Dr, Westerly, RI 02891
Date:    05/25/2026

This is to give you notice that Opendoor Labs Inc. ("Opendoor") has a business relationship with (i) Opendoor Brokerage LLC, Opendoor Brokerage Inc., OD Homes Brokerage Inc., and Tremont Realty LLC d/b/a Opendoor Connect (collectively, the "Opendoor Brokerages"); (ii) OS National LLC, OS National Alabama LLC, OSN Texas LLC, OSN Title Company, and OSN Escrow Inc. (collectively, the "OSN Entities"); (iii) Opendoor Home Loans LLC ("Opendoor Home Loans"); (iv) Title Resources Guaranty Company; (v) Mainstay Brokerage LLC and Mainstay Brokerage Inc. (collectively, the "Mainstay Brokerages"); and (vi) Mainstay National Title LLC and Mainstay National Title Alabama LLC (together, the "Mainstay National Entities" and collectively with the Opendoor Brokerages, OSN Entities, Opendoor Home Loans, Title Resources Guaranty Company, and Mainstay Brokerages, the "Affiliates"). Specifically, Opendoor is the ultimate owner of the Opendoor Brokerages, the OSN Entities, and Opendoor Home Loans, and is an indirect, partial owner of Title Resources Guaranty Company, the Mainstay Brokerages, and the Mainstay National Entities. Additionally, Lennar Corporation has an indirect ownership interest in Title Resources Guaranty Company. Because of these relationships, this referral may provide Opendoor and/or its Affiliates a financial or other benefit.

Set forth below is the estimated charge or range of charges for the settlement services listed. You are NOT required to use the Affiliates as a condition for the purchase, sale, or refinance of the subject property. The services of one or more of the Affiliates may not be available in the location of the subject property. THERE ARE FREQUENTLY OTHER SETTLEMENT SERVICE PROVIDERS AVAILABLE WITH SIMILAR SERVICES. YOU ARE FREE TO SHOP AROUND TO DETERMINE THAT YOU ARE RECEIVING THE BEST SERVICES AND THE BEST RATE FOR THESE SERVICES.

| *Provider and Settlement Service* | *Charge or Range of Charges* |
|---|---|
| **Opendoor Brokerages and Mainstay Brokerages**: Residential real estate brokerage services | ***BROKERAGE FEES ARE NOT SET BY LAW AND ARE FULLY NEGOTIABLE*** |
| Real Estate Fees | 0 - 6% of purchase price |
| **OSN Entities**: Title insurance for owner's and/or lender's coverage; settlement and closing services | For a detailed quote for your home, please visit osnational.com/get-a-quote |
| Owner Title Policy Premium | $0 - $5,000 |
| Lender Title Policy Premium | $0 - $5,000 |
| Other Endorsements | $0 - $1,000 per endorsement |
| Escrow/Closing Services | $0 - $4,000 |
| Loan Closing Services | $0 - $350 |

{continued on next page}

Opendoor ABAD - Last updated: February 2026

# Opendoor

| Provider and Settlement Service | Charge or Range of Charges |
|---|---|
| **Opendoor Home Loans**: Loan origination | 0-2% of loan amount |
| **Title Resources Guaranty Company**: Title insurance for owner's and/or lender's coverage; settlement and closing services<br><br>Owner Title Policy Premium<br>Lender Title Policy Premium<br>Other Endorsements<br>Escrow/Closing Services | <br><br><br>$0 - $5,000<br>$0 - $5,000<br>$0 - $1,000 per endorsement<br>$0 - $4,000 |
| **Mainstay National Entities**: Title insurance for owner's and/or lender's coverage; settlement and closing services<br><br>Owner Title Policy Premium<br>Lender Title Policy Premium<br>Other Endorsements<br>Escrow/Closing Services<br>Loan Closing Services | For a detailed quote for your home, please visit https://mainstaynationaltitlellc.com<br><br>$0 - $5,000<br>$0 - $5,000<br>$0 - $1,000 per endorsement<br>$0 - $4,000<br>$0 - $350 |
| This is an affiliated business arrangement disclosure statement. Actual services and charges may vary according to the particular circumstances underlying the transaction, including the home value, coverage and limits chosen, whether you are the purchaser or seller, as well as other requested terms, unusual market conditions, government regulation, property location, and similar factors. This disclosure statement does not account for fees paid or payable to third party service providers. | |

## ACKNOWLEDGMENT

I/we have read this disclosure form and understand that Opendoor and/or its Affiliates are referring me/us to purchase the above-described settlement service(s) and may receive a financial or other benefit as the result of this referral.

_____
Printed Name

_____
Printed Name

_____
Signature

_____
Signature

_____
Date

_____
Date

Opendoor ABAD - Last updated: February 2026

## SELLER'S NAME AFFIDAVIT AND AKA STATEMENT

This Affidavit is provided to the Seller in connection with the sale of the real property commonly known as
 18 Sherwood Dr, Westerly, RI 02891              (hereinafter, "Property"). Capitalized terms used but not
defined in this Affidavit have the meaning given to them in the Contract.

The information entered by Seller below will be used by the title and escrow company and Buyer for purposes of
evaluating purchase contract compliance (including with Buyer's vesting policies), as well as for purposes of
facilitating title search, abstracting, and title policy commitments.

Please complete any that apply to your transaction.. If the property is vested in a Family Trust, Limited Liability
Corporation, Limited Partnership, Partnership or a Corporation the entities organizing documentation may need to
be provided.

## ACKNOWLEDGMENT

**Seller's Name:** I (We), the undersigned certify that my (our) legal name(s) are as written or typed below:

_____          _____
Seller's Name                                                Seller's Name

**Name Variations:** I (We), may also be known by name(s) as written or typed below:

_____          _____
Seller's Name                                                Seller's Name

_____          _____
Seller's Name                                                Seller's Name

_____          _____
Seller's Name                                                Seller's Name

**Entity Name: (If applicable)** The Seller is an entity known as "name" and "type" as written or typed below:

_____          _____
Entity Name                                                  Entity Type

_____          _____
Entity's Authorized Signer's Name                  Entity's Authorized Signer's Position

_____          _____
Seller's Signature                       Date        Seller's Signature                       Date

ODB.AKA.Acq.v030422                    Page 1 of 1

## RHODE ISLAND MANDATORY REAL ESTATE RELATIONSHIP DISCLOSURE

R.I.G.L. § 5-20.6 allows a real estate broker or salesperson to provide real estate services to you whether you are a buyer, seller, tenant, or landlord. The minimum level of service required by law will depend on the type of relationship that you wish to have with a real estate licensee. These relationships are defined on this form. Although it is not legally required, you may also choose to sign a written contract to further define your relationship. The principal broker of the real estate brokerage or a person designated by him or her must also agree to the type of relationship that you choose to have with the licensee.

### Types of Real Estate Relationships

**TRANSACTION FACILITATOR**

A Transaction Facilitator is a real estate licensee who provides assistance to a buyer, seller, tenant, or landlord, or both, in a real estate transaction but does not represent you.

A Transaction Facilitator owes the following duties to you as a customer: to perform agreed upon ministerial acts timely and competently; to perform these acts with honesty, good faith, reasonable skill and care; and properly account for money or property placed in the care and responsibility of the principal broker. A licensee acting as a transaction facilitator does not owe confidentiality or any other fiduciary duties to a customer. A Transaction Facilitator does not represent you and cannot negotiate on your behalf.

**DESIGNATED CLIENT REPRESENTATIVE**

A Designated Client Representative is a real estate licensee who represents a buyer, seller, tenant, or landlord in a real estate transaction and advocates on your behalf.

A Designated Client Representative owes the following duties to you as a client: to perform the terms of the client representation contract, if any, with reasonable skill and care; promote the client's best interest in good faith and honesty; protect the client's confidential information during the relationship and after its termination; perform agreed upon ministerial acts timely and competently; perform these acts with honesty, good faith, reasonable care and skill; and to properly account for money or property placed in the care and responsibility of the principal broker. Only the real estate licensee(s) who have been specifically appointed by the principal broker or the principal broker's designee may represent you as a client. The other real estate licensees who are affiliated with the brokerage owe no duty to you except for confidentiality. If another licensee who is affiliated with the same brokerage becomes a Designated Client Representative for another party in a transaction with you, then that other affiliated licensee has no duty to protect any confidential information about you learned after he or she begins to represent the other party. In order for a real estate licensee to represent you as a Designated Client Representative, the licensee must obtain your informed written consent and provide you with a written notice.

**NEUTRAL DUAL FACILITATOR**

A neutral Dual Facilitator is an individual real estate licensee who assists a buyer and seller or tenant and landlord in the same transaction and must be neutral as to any conflicting interests between the parties to the transaction.

A neutral Dual Facilitator relationship exists solely for a specific transaction between the parties. A Dual Facilitator must be neutral as to any conflicting interests between the parties to the transaction. A Dual Facilitator owes the following duties to all parties: protecting the confidential information of you and the other party except where disclosure is required or permitted by state law; and accounting for funds. This Mandatory Real Estate Relationship Form cannot be used to obtain your consent to a Dual Facilitator relationship. In order for a real estate licensee to assist you as a neutral Dual Facilitator, the licensee must obtain the informed, written consent from you, the other party and the principal broker on a separate Dual Facilitator consent form.

**TRANSACTION COORDINATOR**

A Transaction Coordinator is a principal broker or his or her designee who supervises a real estate transaction.

The principal broker or his or her designee assumes this role in a transaction in which one affiliated licensee represents a buyer or tenant as a designated client representative and another affiliated licensee represents a seller or landlord as a designated client representative in the same transaction or if one affiliated licensee is assisting both the buyer and seller or landlord and tenant in the same transaction as a dual facilitator. A transaction coordinator does not owe any fiduciary duties to any party in a transaction except the duties to protect the confidential information of the parties and to properly account for money placed in his or her care. A principal broker or his or her designee becomes a Transaction Coordinator automatically, so a customer or client is not required to sign an additional disclosure form.

BUYER'S/TENANT'S INITIALS ___*BB*___   SELLER'S/LANDLORD'S INITIALS _____   **Rev. 08/23** Page 1 of 2

*Real Estate Licensee's Responsibilities*

R.I.G.L. § 5-20.6-8 requires any real estate licensee who assists you to present this form to you prior to the disclosure of any confidential information.  A real estate licensee must also disclose which party they represent and obtain your written acknowledgement of that relationship.  The law also requires real estate licensees to fulfill the duties of their relationship with you as defined by state law and/or in a written contract.  Failure to comply with this law is a violation of Rhode Island license law and can result in disciplinary action to the licensee.

## *Fair Housing*

All real estate licensees shall comply with federal and state housing laws, which prohibit discrimination based on protected class status, including, but not limited to race, national origin, age, color, religion, sexual orientation, gender identity or expression, familial status, marital status, sex, disability, service member in the armed forces, veteran, victim of domestic violence, and lawful source of income.

## *Consumer Information and Responsibilities*

**If you wish to have a real estate licensee represent you, this relationship must be established no later than the preparation of an offer to purchase, purchase and sales agreement or lease.**  Rhode Island law presumes that all real estate licensees are acting as Transaction Facilitators unless otherwise stated on this form.  A real estate licensee can act as your designated client representative only if that real estate licensee obtains your informed written consent to that relationship on this form.

A principal broker may only appoint a real estate licensee to represent you as a Designated Client Representative with your informed, written consent acknowledged on this Mandatory Relationship Disclosure Form.  This designation as your representative applies only to the real estate licensee(s) listed below.  An inherent conflict of interest may exist if you choose a designated client representative who is affiliated with the same principal broker as the other party's designated client representative.  Other licensees affiliated with the company do not represent you or owe you any duties, except for confidentiality in accordance with R.I.G.L.§ 5-20.6-5(e), unless disclosed to you in writing.  Also, these other licensees may represent or assist another party in your real estate transaction.

If the real estate licensee who provided this disclosure is a member of a team, 230-RICR-30-20-2.31(B) states "When a Team is working with a prospective buyer, seller, tenant or landlord, the relationship of each licensee on the team to the client(s) must be disclosed in accordance with R.I. Gen. Laws § 5-20.6-8." **[Sign and attach an Addendum for teams.]**

230-RICR-30-20-2.2 (A)(13) defines a team as "two (2) or more licensees who: (a) Work under the supervision of the same principal broker to perform activities that require a license; (b) Represent themselves to the public as being part of a team or group; and (c) Are designated by a team name that is both approved by the principal broker and different from the brokerage name of their principal broker."

## *Consumer and Broker Acknowledgement*

By signing below, I, the consumer, acknowledge that I have received and read the information in this Rhode Island Mandatory Relationship Disclosure Form.  I understand and agree that the real estate licensee has disclosed that he or she will be working with me in the following capacity.

**Seller/Landlord**
☐ Transaction Facilitator
☐ Designated Client Representative

**Buyer/Tenant**
☐ Transaction Facilitator
☑ Designated Client Representative

_____     *Brad Bonney*_____     05/25/2026_____
Consumer Signature                  Printed Name                                Date
                                    authorized signer on behalf of Opendoor Property
                                    Acquisition LLC and/or nominee

_____     _____     _____
Consumer Signature                  Printed Name                                Date

_____     _____     _____
Consumer Signature                  Printed Name                                Date

By signing below, I, the real estate licensee, acknowledge that I have provided this disclosure form to the above consumer(s) as required by Rhode Island law.

__Opendoor Brokerage LLC_____
Name of Brokerage Firm                         Name of Team

*Daniel Beirne*_____     __Daniel Beirne_____     REC.0019126   05/25/2026___
Licensee Signature                  Printed Name                    License #        Date

_____ **Licensee:  please initial here if the consumer declines to sign this notice and state the consumer's reason for refusal:**

┌─────────────────────────────────────────────────────────────────────┐
│                                                                       │
│                                                                       │
│                                                                       │
└─────────────────────────────────────────────────────────────────────┘

**Rev. 08/23   Page 2 of 2**


REALTOR


EQUAL HOUSING OPPORTUNITY

**SINGLE FAMILY PURCHASE AND SALES AGREEMENT**
Rhode Island Association of REALTORS®

## 1. SALES AGREEMENT

**This ("Agreement")** made between ("Seller"): MICHAEL BEGIN

Mailing Address: 18 Sherwood Dr, Westerly, RI 02891
and ("Buyer"): Opendoor Property Acquisition LLC and/or nominee

Mailing Address:
Seller agrees to SELL and Buyer to BUY, upon the price and terms below, the following property (the "Property"):
Property Address 18 Sherwood Dr, Westerly, RI 02891                    Assessor's Plat _____ Lot 2
Block_____ in the City/Town of Westerly _____, State of Rhode Island, Zip code 02891

## 2. DATE OF THIS AGREEMENT

The Date of this Agreement shall be the later of: (a) the date on which Buyer signs and delivers this Agreement to Seller and/or Listing Licensee, or (b) the date on which Seller signs and delivers this Agreement to Buyer and/or Cooperating Licensee in accordance with Section 17. For the purposes of this contract and any reference to days, the day after the Date of this Agreement is the first day.

## 3. PURCHASE PRICE AND DEPOSITS

Time is of the essence as it applies to the Deposits in Section 3. **(check one)** ☑ Yes ☐ No
Buyer agrees to pay Seller a Purchase Price for the Property in the amount of:
eight hundred thousand four hundred _____ Dollars ($ 800,400 ) ("Purchase Price") which shall be paid as follows:

$ 1,250 _____ Initial deposit shall be paid and delivered to the Escrow Agent, who is named in Section 4, within _____ hours of the Date of this Agreement.

$_____ Additional deposit(s) shall be paid and delivered to the Escrow Agent on or before _____
All deposits shall be paid by personal check, certified check, money order, wire transfer and/or bank check.

$ 799,150 _____ Balance due at closing. Final balance shall be paid by certified check, wire transfer and/or bank check.

$ 799,150 _____ TOTAL PURCHASE PRICE.

**Warning: The parties are advised not to wire funds without telephone or in-person confirmation from the person who appears to have issued the instructions. The parties are advised not to transmit personal financial information except through secured, verified email or personal delivery.**

## 4. ESCROW AGENT AND DEPOSIT RELEASE

(a)  Buyer and Seller agree that all deposits shall be held in an escrow account by the following Escrow Agent:
**(check one)** ☐ Listing Brokerage Firm named in Section 17 *or*
☑ Other Escrow Agent (*please specify below*)
Name: First Integrity Title Company (FITCO)
Address: 501 S Cherry St, Suite 700, Denver, CO 80246
Email: cct@firstintegritytitle.com

(b)  All deposits shall be applied to the Purchase Price, except as otherwise mutually agreed in writing by Buyer and Seller.

(c)  The release of all deposits shall be (i) upon execution and delivery of a written release to the Escrow Agent by Buyer and Seller or (ii) as otherwise provided in Commercial Licensing Regulation 230-RICR-30-20-2.

(d)  In the event of a dispute between Seller and Buyer as to the release of the deposits, the Escrow Agent shall transfer the deposits to the General Treasurer of Rhode Island within 180 calendar days from the date of the original deposit, in accordance with the above regulation. This regulation applies only to deposits that are held by a real estate broker.

## 5. CLOSING DATE AND PLACE

Closing is to be held on June 30th _____, 2026 at 10:00 A.M. at the office of the Land Evidence Records in the municipality where the Property is located or at such other time and place as may be agreed to by Buyer and Seller. Delivery of deed shall occur at the closing. Buyer and Seller authorize release of the closing disclosures to their respective Broker(s), to fulfill Brokers' obligation in accordance with Rhode Island law and for purposes of tracking statistical data.

## 6. WAIVER OF MORTGAGE CONTINGENCY

If initialed by Buyer, this Agreement is not contingent upon financing and Section 7 of this Agreement shall not apply. __*BB*__ (Initials of Buyer)

## 7. MORTGAGE CONTINGENCY

(a)  **Commitment:** This Agreement is subject to Buyer obtaining a written commitment ("Commitment") issued by an institutional mortgage lender or mortgage broker ("Lender") on or before_____ ("Mortgage Contingency Deadline"), under the following terms: an amount not to exceed $_____ at an initial rate of interest not to exceed _____% per year, for a term of at least _____ years, with a maximum of _____ points.

(b)  **Buyer's Obligation:** Buyer shall make diligent efforts to apply for a mortgage. Buyer shall make formal application for a mortgage within _____ days of the Date of this Agreement. Buyer authorizes Seller and/or Listing Licensee to contact any such Lender(s) to confirm the status of Buyer's application, including denials. **Buyer assumes all obligations in fulfilling any and all conditions of the commitment. If Buyer fails to do so, Buyer shall be in default of this Agreement; Seller shall have the right to the Deposits and other remedies provided in Section 19.**

BUYER'S INITIALS __*BB*__   SELLER'S INITIALS _____   Copyright© 2025 Rhode Island Association of REALTORS®   Rev. 01/25   Page 1 of 5

(c) **Inability to Obtain Financing:** (i) *Extension:* If Buyer makes diligent efforts to apply for a mortgage as described in Section 7a) and Buyer has not received a written commitment by the Mortgage Contingency Deadline and Buyer shall request, on or before the Mortgage Contingency Deadline, and by written notice to Seller and/or Listing Licensee in accordance with Section 17, to extend the time to receive the commitment. If the Seller does not extend the Mortgage Contingency, Buyer shall have the right to the Deposits in accordance with Section 4.

(ii) *Denial:* If Buyer applies for a mortgage as described above and receives a written denial for such mortgage, then, upon notification of the denial to Seller and/or Listing Licensee in accordance with Section 17 on or before the Mortgage Contingency Deadline or extensions, this Agreement shall be declared null and void and Buyer shall have the right to the Deposits in accordance with Section 4, unless Buyer waives the Mortgage Contingency in writing.

(d) **Buyer's Waiver of Contingency:** If, on or before the Mortgage Contingency Deadline, Buyer has not received a written commitment, or fails to request an extension as stated in (c) above, the Mortgage Contingency shall be deemed waived. If Buyer fails to purchase Property on Closing Date, Buyer shall be in default of this Agreement; Seller shall have the right to the Deposits and other remedies provided in Section 19.

**Insurance Notice:** A mortgage is usually contingent on an insurance binder; therefore, Buyer is highly advised to seek a quote or binder for insurance including, but not limited to, flood, dwelling, and wind, on or before the Mortgage Contingency Deadline. Insurance availability and cost may vary based upon factors, including but not limited to, location, age, condition, and past history of the property.

## 8. PERSONAL PROPERTY AND FIXTURES

All fixtures and other improvements that are permanently attached to the building, structures, or land as of the date Buyer signed this Agreement are included in this sale as part of the Property, including, but not limited to, landscaping, lighting fixtures, screen doors, storm windows, garage door openers and controls, flagpoles, fences, and any other items that are built in, including, but not limited to air conditioning equipment, garbage disposals, and dishwashers. Any and all items associated with the use, control, or operation of the fixtures are also included. Any other personal property, including but not limited to furniture, shall be addressed in a separate Personal Property Agreement. Appliances to remain include the following:

Washer, dryer, refrigerator and water softener if present will be included in purchase.

The following items, including leased or tenant-owned items, are **excluded** from the sale:

## 9. TITLE AND DEED

(a) Seller shall convey Property by a ___general warranty___ deed conveying a good, clear, insurable, and marketable title to the Property, free from all encumbrances, except easements and restrictions of record, and governmental regulations, provided they do not affect the marketability of the title and are satisfactory to Buyer, and Buyer's Lender, if any. Seller warrants that Seller has no notice of any outstanding violation order from a governmental entity relating to the Property.

(b) Buyer may conduct a title examination of the Property at Buyer's expense.

(c) If Seller cannot convey marketable title as described above, Buyer may (1) elect to accept such title as Seller can convey, or (2) reject the unmarketable title, by notifying Seller in accordance with Section 17, then this Agreement shall be deemed null and void and Buyer shall have the right to the Deposits in accordance with Section 4.

## 10. TAXES, ADJUSTMENTS, AND OTHER ASSESSMENTS

(a) **Taxes:** (i) Real estate taxes and fire district taxes shall be prorated on a calendar year basis, except in those municipalities in which taxes are prorated on a municipal fiscal year basis, with Seller paying for the period prior to the date of delivery of the deed and Buyer paying the balance of taxes due. All other taxes which are a lien upon the Property shall be paid by Seller at the time of the delivery of the deed. (ii) Buyer and Seller are advised to check state law and municipal ordinances to determine whether Buyer or Seller is responsible for paying conveyance taxes, and other taxes or fees.

(b) **Adjustments:** Rents, fuels, water charges, association fees and sewer usage charges shall be apportioned as of the date of the delivery of the deed at the current price as calculated by the Seller's supplier.

(c) **Assessments:** All assessments, including sewer, which are payable over a period of more than one year and constitute a lien on the Property shall be paid as follows: At closing, Seller shall pay installments due during the municipal years prior to the year in which the deed is delivered; the installments due in that year shall be prorated in the same manner as above provided for taxes, and **(check one)**

☑ the Seller shall pay the balance of the assessment in full or acknowledge that there is no assessment, **or**

☐ the Buyer shall pay the balance of the assessment in full, if any, or assume the balance of the assessment where permitted by law.

## 11. ADDITIONAL OBLIGATIONS

(a) **Smoke/Carbon Monoxide Detectors:** Seller shall deliver the Property at the closing with a smoke detector and carbon monoxide detector certificate dated no earlier than 120 calendar days before the closing unless exempt from Rhode Island law.

(b) **Non-Resident Withholding Requirement:** If Seller is not a resident of the State of Rhode Island or will not be a resident at the time of the closing, Buyer must withhold six (6%) percent of Seller's net proceeds (7% if Seller is a corporation), in accordance with R.I.G.L. § 44-30-71.3, and pay such amount to the Division of Taxation as a non-resident withholding requirement. In order to have such withholding based on gain rather than net proceeds of sale, Seller must submit an election form to the Division of Taxation at least twenty (20) calendar days prior to closing. Seller agrees to pay to Buyer the entire amount of such withholding found to be due at or after the closing. Buyer's responsibility shall survive the transfer of title to the Property and shall be a lien against the Property. Seller and Buyer are advised to consult with the appropriate legal, tax, or financial professionals and/or the Rhode Island Division of Taxation.

(c) **Non-Resident Landlord:** R.I.G.L. § 34-18-22.3 requires a residential landlord who is not a resident of the state of Rhode Island to designate an agent for "service of process" who is a resident of Rhode Island or corporation authorized to do business in Rhode Island. This designation must be filed with the Secretary of State and the clerk of the municipality where the property is located.

BUYER'S INITIALS __*BB*__    SELLER'S INITIALS _____    Copyright© 2025 Rhode Island Association of REALTORS®    Rev. 01/25    Page 2 of 5

(d) **Rental Registry:** R.I.G.L. § 34-18-58 requires a landlord to register a rental dwelling unit with the Rhode Island Department of Health within thirty (30) days after acquiring the property or renting to a tenant, whichever is earlier. If a rental dwelling unit was built before 1978, a landlord must also provide a valid certificate of conformance with lead hazard mitigation laws as stated in R.I.G.L. § 42-128.1 or provide evidence that the property is exempt.

## 12. POSSESSION AND CONDITION OF PROPERTY

Seller shall deliver to Buyer at closing full occupancy and possession of the Property, in "broom clean" condition, free and clear of personal possessions (except those that are listed in Section 8 as included with the sale), tenants, and occupants except as agreed below. At closing, Seller shall convey the Property in the same condition in which it is on the Date of this Agreement, except for reasonable use and wear and/or any improvements or repairs required by this Agreement. Buyer shall be entitled to a final walkthrough of the Property prior to the delivery of the deed in order to determine whether the condition of the Property complies with the terms of this section.

**EXCEPTIONS:** (subject to assumption of leases)

## 13. RECEIPT AND ACKNOWLEDGMENT OF RI DISCLOSURE FORMS

Buyer acknowledges that Buyer has received the following forms (unless exempted by law): **(Initial all that apply)**

_____   Rhode Island Real Estate Sales Disclosure Form prepared by Seller
BUYER'S INITIALS
_____*BB*_____   Mandatory Real Estate Relationship Disclosure
BUYER'S INITIALS
_____*BB*_____   Seller's Lead Disclosure **which is incorporated in this Agreement by reference**
BUYER'S INITIALS
_____*BB*_____   Pamphlet "Protect Your Family from Lead in Your Home" that includes R.I. section "What
BUYER'S INITIALS   You Should Know About the RI Lead Law"

## 14. INSPECTIONS CONTINGENCY: *Time is of the essence as it applies to Section 14.*

(a) R.I.G.L. § 5-20.8-4 states that every contract for the purchase and sale of real estate shall provide that a potential purchaser(s) shall be permitted a ten (10) day period, *exclusive of Saturdays, Sundays and holidays* ("Inspections Contingency Deadline"), to conduct inspections of the property, lead, private well water, cesspool of the property and any structures thereon before the purchaser(s) becomes obligated under the contract to purchase.

(b) The inspections shall be conducted by a Rhode Island licensed inspector(s) of Buyer's choice at Buyer's sole expense.

(c) The parties have the right to mutually agree upon a different period of time; provided, a potential purchaser may waive this right to inspection in writing. For the purposes of this Agreement, parties agree that "holidays" shall be defined as federally or state recognized holidays.

(d) If Buyer wishes to terminate this Agreement, because of the following, Buyer may terminate this Agreement by sending written notice of termination to Seller or Listing Licensee in accordance with Section 17 on or before the Inspections Contingency Deadline or any mutually agreed extensions of such Deadline, and Buyer shall have the right to the Deposits in accordance with Section 4:

(1) Buyer is not satisfied with the results of the inspections; or

(2) Buyer and Seller have not resolved any and all issues relating to inspections to Buyer's satisfaction; or

(3) Seller has not responded to Buyer's requests on or before the Inspections Contingency Deadline.

(e) If Buyer fails to deliver such written notice of termination, this Contingency shall be deemed waived and Buyer will forfeit Buyer's right to terminate this Agreement based on the Inspections Contingency.

**Additional Provisions:**

See Opendoor Addendum

## 15. WAIVER OF INSPECTIONS CONTINGENCY (*initial all that apply*)

**If initialed, Buyer waives the right to the inspections listed below:**

_____   (a) **Property Inspection**: The inspections shall be conducted at Buyer's expense by a Rhode Island licensed inspector(s) of Buyer's
BUYER'S INITIALS   choice. Inspections may include, but are not limited to mold, pest, septic/sewer, radon, physical/mechanical, hazardous substances, wetlands and flood plain. *If initialed,* Buyer Waives Right to Inspection.

_____   (b) **Lead Inspection**: R.I.G.L. § 5-20.8-11 gives a potential purchaser the right to conduct an inspection of Property if built before
BUYER'S INITIALS   2011, for lead exposure hazards. *If initialed*, Buyer Waives Right to Inspection.

_____   (c) **Private Well Water Inspection**: R.I.G.L. § 5-20.8-12 provides the right to test the water quality of a private well in accordance
BUYER'S INITIALS   with RI Department of Health regulations. *If initialed,* Buyer Waives Right to Inspection.

_____   (d) **Cesspool Inspection:** R.I.G.L. § 5-20.8-13 provides the right to inspect the Property's on-site sewage system to determine if a
BUYER'S INITIALS   cesspool exists and whether it is subject to the phase-out requirements as stated in R.I.G.L. § 23-19.15. *If initialed*, Buyer Waives Right to Inspection.

BUYER'S INITIALS ___*BB*___   SELLER'S INITIALS _____   *Copyright© 2025 Rhode Island Association of REALTORS®*   Rev. 01/25   Page 3 of 5

## 16. REQUIRED DOCUMENTS

Buyer and Seller agree to execute and deliver such other documents, instruments, and affidavits as may reasonably be required to complete the transaction including, but not limited to, any affidavits and agreements which may be required by the Lender(s) or the title insurance company. Any fees associated with documentation required by the Buyer's Lender(s) will be paid by the Buyer unless otherwise agreed in writing.

## 17. NOTICES

All notices as required in specific Sections of this Agreement shall be in writing. All notices are to be conveyed by mail, personal delivery, or electronic transmission. Notices shall be effective when postmarked, upon personal delivery, or upon electronic transmittal date. Notices to Seller, Buyer, Listing Licensee and Cooperating Licensee shall be sent or delivered to the address(es) below.

**SELLERS:**
Name(s): MICHAEL BEGIN _____

_____

Mailing Address: _____
Email: _____
**Listing Brokerage**
Firm Name: _____ Mailing Address: _____
Name of Principal Broker: _____ License #: _____
Name of Licensee: _____ License #: _____
Status:  ☐ Designated Seller Representative  ☐ Transaction Facilitator  ☐ Dual Facilitator
Email: _____ Phone: _____

**BUYERS:**
Name(s): Opendoor Property Acquisition LLC and/or nominee _____

_____

Mailing Address: _____
Email: BOS.offers@opendoor.com
**Cooperating Brokerage:**
Firm Name: _____ Mailing Address: _____
Name of Principal Broker: Daniel Beirne  License #: REC.0019126
Name of Licensee: Daniel Beirne  License #: REC.0019126  MLS ID #: TMP1234
Status:  ☑ Designated Buyer Representative  ☐ Transaction Facilitator
Email: BOS.offers@opendoor.com  Phone: 617-362-4319

## 18. PROFESSIONAL SERVICES FEE

(a)  This Agreement is subject to Seller paying the Cooperating Brokerage the following Professional Services Fee upon the closing and recording of the deed for transfer of Property. *(Check all that apply)*

☐ _____ Dollars ($ _____).

☐ _____ % of the gross sales price.

☐ Other (specify) _____.

(b)  Buyer *(check one)*

☐ Will compensate Cooperating Broker according to a separate buyer contract. Compensation shall be paid upon the closing and recording of the deed.

☐ Will **not** compensate Cooperating Broker according to a separate buyer contract. Compensation shall be paid upon the closing and recording of the deed.

(c)  Cooperating Broker *(check one)*

☐ Will receive compensation from more than one party to this transaction.

☐ Will **not** receive compensation from more than one party to this transaction.

(d)  Cooperating Brokerage is intended to be a third-party beneficiary of this Agreement.

## 19. DEFAULT

Upon default by Buyer, Seller shall have the right to the Deposits in accordance with Section 4, such right to be without prejudice to the right of Seller to require specific performance and payment of other damages, or to pursue any remedy, legal or equitable, which shall accrue by reason of such default. If Seller defaults in the performance of this Agreement, Buyer shall have the right to the Deposits in accordance with Section 4, and Buyer may pursue any and all remedies available at law or equity, including but not limited to specific performance. All disputes between Buyer and Seller over the disposition of the Deposits shall be governed by Section 4.

BUYER'S INITIALS _BB_    SELLER'S INITIALS _____    *Copyright© 2025 Rhode Island Association of REALTORS®*    Rev. 01/25    Page 4 of 5

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201  www.lwolf.com    **rhode island**

## 20. ASSIGNMENT

This Agreement may be assigned by either party without written consent of the other, and shall be binding upon the assigns of Buyer and Seller. However, this Agreement may not be assigned without the express written consent of Seller, if it contains a provision for Seller financing.

## 21. ACCURATE DISCLOSURE OF SELLING PRICE

Buyer and Seller certify that this Agreement and all Addenda accurately reflect the gross sales price as indicated in Section 3 of this Agreement. Buyer and Seller understand and agree that this information shall be disclosed to the Internal Revenue Service as required by law.

## 22. ADDENDUM/ADDENDA

The following addendum/addenda are made a part of this Agreement:

Opendoor Addenda

## 23. ADDITIONAL PROVISIONS

If the Property is part of a condominium or HOA, Seller agrees to cooperate with Buyer in obtaining the relevant association documents.

## 24. PREPARATION OF DOCUMENT CONFIRMATION CLAUSE

This Agreement was prepared by (check one):  ☐ Listing Licensee  ☐ Cooperating Licensee  ☐ Other (please complete below)

Name: _____  Address: _____

## 25. GOVERNING LAW

This Agreement shall be governed by and construed in accordance with the laws of the State of Rhode Island and is intended to be used only for property located in the State of Rhode Island.

## 26. CONSTRUCTION OF AGREEMENT

If two or more persons are named as Seller or Buyer, their obligations shall be joint and several. **Dates and deadlines are important. The Buyer and Seller are advised to act within the time required.**

## 27. ENTIRE AGREEMENT

Buyer and Seller agree that this Agreement contains the entire agreement between us, subject to no understandings, conditions, or representations other than those expressly stated. Buyer represents that Buyer has not relied on the oral representations of Seller, or Broker(s) or their affiliated licensees as to the character or quality of the Property. This Agreement may not be changed, modified, or amended in whole or in part except in writing, signed by all parties.

---

**NOTICE: THIS IS A LEGAL DOCUMENT THAT CREATES BINDING OBLIGATIONS.**
**BY SIGNING THIS AGREEMENT, BUYER AND SELLER REPRESENT THAT THEY HAVE THE LEGAL AUTHORITY TO ENTER INTO A BINDING AGREEMENT.**
**IF NOT UNDERSTOOD, CONSULT AN ATTORNEY.**

---

*Brad Bonney*                    05/25/2026                    _____    _____

Buyer                                 Date                         Seller                        Date
Authorized signer on behalf of Opendoor
Property Acquisition LLC and/or nominee

_____    _____    _____    _____
Buyer                                 Date                         Seller                        Date

_____    _____    _____    _____
Buyer                                 Date                         Seller                        Date

_____    _____    _____    _____
Buyer                                 Date                         Seller                        Date

This entire form is licensed for the exclusive use of members in good standing of the Rhode Island Association of REALTORS® and is protected by federal and state copyright law. Unauthorized use of this form is prohibited and can result in civil and criminal penalties. *All rights reserved. Copyright© 2025.*    Rev. 01/25    Page 5 of 5

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201  www.lwolf.com    rhode island



# SELLER'S LEAD DISCLOSURE
Rhode Island Association of REALTORS®



## Disclosure of Information about Lead-Based Paint and Lead-Based Hazards required by Federal and Rhode Island law.

**Property Address:** 18 Sherwood Dr

**Unit # (if applicable)** _____, **Town/City** Tempe _____, **State of Rhode Island, Zip code** 85288

### Federal Lead Warning Statement

**Federal Law:** *42 U.S.C. 4852(d) "Every purchaser of any interest in residential real property on which a residential dwelling was built prior to 1978 is notified that such property may present exposure to lead from lead-based paint that may place young children at risk of developing lead poisoning. Lead poisoning in young children may produce permanent neurological damage, including learning disabilities, reduced intelligence quotient, behavioral problems, and impaired memory. Lead poisoning also poses a particular risk to pregnant women.  The Seller of any interest in residential real property is required to provide the Buyer with any information on lead-based paint hazards from risk assessments or inspections in the Seller's possession and notify the Buyer of any known lead-based paint hazards.  A risk assessment or inspection for possible lead-based paint hazards is recommended prior to purchase."*

### Rhode Island State Disclosure Requirements

**Rhode Island State Law:** *216-RICR-50-15-3 Section 3.5 of the Rules and Regulations of the R.I. Department of Health and Lead Hazard Mitigation Standards requires the Seller of any interest in residential property on which a residential dwelling was built prior to 1978 to disclose to the Buyer any known information on lead-based paint or lead-based hazards in paint, interior dust, soil, or water, or potential lead-based paint or lead-based hazards and their location(s), or potential location(s). Such information includes (1) any records or reports which are in Seller's possession or reasonably obtainable regarding such hazards or potential exposure to such hazards in the property; (2) a copy of any current lead certificate(s) for the dwelling or dwelling unit and common areas; and (3) a chronological listing of all available lead inspection reports and certificates for the property being sold.*

*The Seller shall provide Buyer with an Environmental Protection Agency educational pamphlet entitled "Protect Your Family from Lead in Your Home" containing the insert "What You Should Know About the R.I. Lead Law."*

**Seller's Disclosure** *[Seller(s) complete and initial each section below]*

_____ (a) Presence of lead in paint, interior dust, soil or water and/or lead-based hazards in paint, interior dust, soil, or water:
*(check one below)*

☐ Seller discloses that the following known lead-based paint and/or lead-based hazards are present in the housing (explain).

☐ Seller has no knowledge of lead-based paint and/or lead-based hazards in the housing.

_____ (b) Records and reports available to Seller *(check all that apply below):*

☐ Seller has provided Buyer, the Listing Licensee and Cooperating Licensee, if any, with a copy of the most current lead certificate dated: _____ .

☐ Rhode Island law requires Seller to provide, at no charge, copies of all available reports and certificates to which Seller has access within seven (7) days of a request by Buyer.

Seller has access to the following reports and records relating to lead:
*(Seller:  List in chronological order all available lead inspection reports and certificates for the property being sold.)*

*Date of document:       Type of lead certificate or report:*

Buyer may obtain copies of all such documents by contacting: _____

_____

☐ Seller has no lead certificates, reports or records pertaining to lead-based paint and/or lead-based hazards in the dwelling or dwelling unit and common areas for the property being sold.

**BUYER'S INITIALS** *BB*   **SELLER'S INITIALS** _____   *Copyright© 2022 Rhode Island Association of REALTORS®*   **Rev. 09/22**   Page 1 of 2

**Buyer's Acknowledgment** *[Buyer(s) initial each section that applies]*

_____ (c)   Buyer has received copies of all information listed above.

_____ (d)   Buyer has received the pamphlet "Protect Your Family from Lead in Your Home" that includes the R.I. section "What You Should Know About the R.I. Lead Law."

*BB*   (e)   Buyer has (*check one below*):

☐   Received a 10-day opportunity (or mutually agreed upon period) to conduct a risk assessment or inspection for the presence of lead-based paint and/or lead-based hazards; or

☑   Waived the opportunity to conduct a risk assessment or inspection for the presence of lead-based paint and/or lead-based hazards.

**Agent's Acknowledgment** *(initial)*

*DB*   (f)   Agent has informed Seller of Seller's obligations under 42 U.S.C. 4852(d) and 216-RICR-50-15-3 Section 3.5 of the Rules and Regulations of the R.I. Department of Health and Lead Hazard Mitigation Standards, and is aware of his/her responsibility to ensure compliance.

**Certification of Accuracy**

The following parties have reviewed the information above and certify, to the best of their knowledge, that the information provided by the signatory is true and accurate.

| *Brad Bonney*                   05/25/2026 | |
|---|---|
| Buyer                                                      Date | Seller                                                      Date |
| authorized signer on behalf of Opendoor Property Acquisition LLC and/or nominee | |

| | |
|---|---|
| Buyer                                                      Date | Seller                                                      Date |

| | |
|---|---|
| Buyer                                                      Date | Seller                                                      Date |

| | |
|---|---|
| Buyer                                                      Date | Seller                                                      Date |

| | |
|---|---|
| Cooperating Licensee                               Date | Listing Licensee                                    Date |

This entire form is licensed for the exclusive use of members in good standing of the Rhode Island Association of REALTORS® and is protected by federal and state copyright law.   Unauthorized use of this form is prohibited and can result in civil and criminal penalties. *All rights reserved. Copyright© 2022.*          Rev. 09/22    Page 2 of 2

# Opendoor Addendum

This ADDENDUM ("Addendum") modifies the **Real Estate Purchase Agreement** (the "Contract") dated ___05/25/2026___ between Seller and Buyer (collectively, the "Parties") with respect to the real property commonly known as ___18 Sherwood Dr, Westerly, RI 02891_____ (hereinafter, "Property"). Capitalized terms used but not defined in this Addendum have the meaning given to them in the Contract.  In the event of any conflict with the terms in the Contract, the terms of this Addendum shall control to the full extent permitted by law.

## 1. SIMPLE SALE CHARGE CREDIT

Seller agrees to credit Buyer $ ___91,981.86___ for the Opendoor Simple Sale charge at Closing.

## 2. CLOSING COSTS

Notwithstanding any other provision to the contrary in the Contract, Seller shall pay all costs associated with the Owner's Title Insurance Policy. Seller shall also be responsible for any realty transfer taxes due to state or local authorities. Buyer and Seller shall each pay half of the settlement or escrow fee. If the title company provides a bundled charge, the portion attributable to the Owner's Title Insurance Policy shall be the Seller's responsibility, and the portion attributable to settlement or escrow services shall be split.

## 3. REPRESENTATION OF THE PARTIES AND COMPENSATION

Some of the employees of Buyer or its affiliates, including Buyer's authorized signer, may be licensed real estate agents, brokers, or salespeople in the State where the Property is located. Seller understands and agrees that Buyer and its affiliates have NO BROKERAGE RELATIONSHIP with the Seller.

If Seller is represented by an agent, the Parties acknowledge that compensation may be paid at closing from Buyer or its affiliates to the Seller's agent.

## 4. DILIGENCE PERIOD

Buyer's period to conduct due diligence will begin on the date this Addendum is executed by the Parties and end 15 days later unless mutually extended by the Parties ("Diligence Period"). During the Diligence Period, Seller authorizes Buyer's representatives to conduct a diligence visit that may include photos, videos, and digital scans. The resulting media, measurements, and reports are Buyer's property. Seller agrees to provide reasonable access to the Property and will not interfere with the diligence visit.

During the Diligence Period, Buyer may propose adjustments to the Contract (including to the purchase price) based on Buyer's diligence findings and the condition of the Property. Seller is free to accept Buyer's proposed adjustments, negotiate, or cancel the Contract without penalty. If any proposed adjustments are not mutually agreed upon by Buyer and Seller before the end of the Diligence Period, then Seller and Buyer agree that the Contract will be deemed canceled by Buyer during the Diligence Period and the earnest money shall be disbursed to the Buyer. Any agreed upon changes will be set forth in a separate addendum.



## 5. CANCELLATION RIGHTS

Seller may cancel the Contract at any time prior to Closing without penalty for any reason by providing written notice of cancellation to Buyer.

Buyer may cancel the Contract at any time prior to Closing without penalty by providing written notice of cancellation to Seller under any of the following conditions:

(a) Notice of cancellation is provided during the Diligence Period;

(b) Seller is in default of any provision of the Contract;

(c) the unlisted Property is placed in any Multiple Listing Service, in any capacity, or if any material changes are made to any active Multiple Listing Service information, such as list price or property details, following the presented date of the offer;

(d) Seller does not have clear title to the Property;

(e) Seller has not had recorded vested ownership of the Property for at least 60 days prior to the effective date of the Contract;

(f) the Property is not maintained in the same condition as it was when Buyer assessed it;

(g) the Property is not delivered to Buyer free of tenants, occupants, and future tenancies;

(h) if open permits cannot be closed, or point of sale requirements (including municipal code enforcement inspections) are not met, by Seller prior to Closing;

(i) if solar panels are present and all obligations are not prepaid or purchased by Seller prior to Closing; and/or if the solar company cannot offer acceptable terms of transfer to Buyer (in Buyer's sole discretion) prior to Closing;

(j) if the Property contains a septic system that is not in working condition (as determined in Buyer's sole discretion) and/or Seller fails to provide a recent acceptable septic certification prior to Closing whether requested by Buyer or required by local regulations; and/or

(k) if the Seller does not pay any outstanding or known upcoming special assessments in full prior to closing.

In the case of any cancellation provided for in this Section 5, the Earnest Money Deposit will be disbursed immediately to Buyer with no further action required by Seller.

## 6. BUYER BREACH

If Buyer is in Default of the Contract, Seller's only remedy is to cancel the Contract and receive the Earnest Money Deposit as liquidated damages, thereby releasing both Parties from the Contract.

## 7. DISBURSEMENTS

The Parties agree to release Escrow Agent from any and all claims related to Earnest Money Deposit disbursements authorized by the foregoing sections of this Addendum.



RI.Acq.v172026

## 8. ASSIGNABILITY

Seller may not assign the Contract. Buyer may assign all of Buyer's rights and obligations under the Contract; however, any such assignment will not release Buyer of its obligations to Seller.

## 9. EXPIRATIONS

For any expiration date or deadline in the Contract that ends on a Saturday, Sunday, or state or national holiday, the date will be automatically extended to 5:00 p.m. the next business day.

## 10. APPLIANCES

Unless explicitly excluded in a separate addendum, in addition to items that convey under the Contract, Seller and Buyer agree that any refrigerator, oven/range, dishwasher, washer, dryer, and built-in appliance will convey to Buyer at Closing.

## 11. UTILITIES

Seller will ensure that the Property's utilities (electricity, water, sewage, and gas) remain on for 3 business days after Closing.

## 12. FINAL WALKTHROUGH

Upon completion of Opendoor's digital checkout process (i.e., Seller has confirmed the home is vacant), Seller will permit Buyer or Buyer's representative access to the Property to conduct a final walkthrough for the purposes of observing, photographing, and documenting home condition and marking items for future repair using non-destructive means (such as painter's tape). Seller agrees to not interfere with any such markings placed by Buyer or Buyer's representatives.

## 13. REFERRALS

Opendoor Brokerage may pay referral compensation of up to 1% of the purchase price to referring parties.

_Brad Bonney_   05/25/2026

Buyer Signature              Date          Seller Signature              Date

authorized signer on behalf of Opendoor
Property Acquisition LLC and/or nominee

Seller Signature              Date


EQUAL HOUSING
OPPORTUNITY

## CONTACT FOR PROPERTY ACCESS

Please provide the contact information of an adult that will provide access to the Property for the diligence visit. You agree that this information may be shared with a third party inspection company that will reach out to schedule the diligence visit.

_____

Name

_____

Email

_____

Phone number






# ADDENDUM   1

(e.g. A, B, C, etc.)

Rhode Island Association of REALTORS®

**This Addendum is made between the following parties:**

**NAME(S)** MICHAEL BEGIN

(Check one) ☐ Buyer  ☑ Seller  ☐ Tenant  ☐ Landlord  ☐ Broker or Authorized Person

**NAME(S)** Opendoor Property Acquisition LLC and/or nominee

(Check one) ☑ Buyer  ☐ Seller  ☐ Tenant  ☐ Landlord  ☐ Broker or Authorized Person

**PROPERTY ADDRESS:** 18 Sherwood Dr, Westerly, RI 02891

**DATE OF AGREEMENT:** 05/25/2026

In reference to the   Single Family Purchase and Sales   Agreement ("Agreement"), the undersigned agree to the following:

Seller agrees to credit Buyer $3,615.07 at closing, which shall be in addition to all other credits as set forth in the contract.

This Addendum amends and/or supersedes, as applicable, any conflicting or inconsistent provisions of the Agreement. All other consistent provisions of the Agreement remain in full force and effect.

This Addendum is intended to be attached to the original contract prior to all parties signing it.

**By signing below, the parties acknowledge that they have read and understand this Addendum and received a copy of it.**

**NOTICE: THIS IS A LEGAL DOCUMENT THAT CREATES BINDING OBLIGATIONS.
IF NOT UNDERSTOOD, CONSULT AN ATTORNEY.**

| SIGNATURE | PRINTED NAME | DATE |
|---|---|---|
| | | |
| SIGNATURE | PRINTED NAME | DATE |
| | | |
| SIGNATURE | PRINTED NAME | DATE |
| *Brad Bonney* | Brad Bonney | 05/25/26 |
| SIGNATURE | PRINTED NAME | DATE |
| authorized signer on behalf of Opendoor Property Acquisition LLC and/or nominee | | |
| SIGNATURE | PRINTED NAME | DATE |

This entire form is licensed for the exclusive use of members in good standing of the Rhode Island Association of REALTORS® and is protected by federal and state copyright law.  Unauthorized use of this form is prohibited and can result in civil and criminal penalties. *All rights reserved. Copyright© 2022.*   Rev.   10/22

Opendoor Brokerage LLC, 410 N Scottsdale Road S 1600 Tempe AZ 85288   Phone: (480) 351-6622   Fax:   rhode island
Daniel Beirne   Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX  75201   www.lwolf.com

# Opendoor Extended Closing Addendum

This OPENDOOR EXTENDED CLOSING ADDENDUM ("Addendum") modifies the **Residential Resale Real Estate Purchase Contract** (the "Contract") dated 05/25/2026___ between Seller and Buyer (collectively, the "Parties") with respect to the real property commonly known as _18 Sherwood Dr, Westerly, RI 02891_____ (hereinafter, "Property"). Capitalized terms used but not defined in this Addendum have the meaning given to them in the Contract.  In the event of any conflict with the terms in the Contract, the terms of this Addendum shall control to the full extent permitted by law.

## EXTENDED CLOSING FEE

Based on the intended close of escrow date of __June 30, 2026__, Seller agrees to credit Buyer $ _0_____ at close of escrow for the extended closing period. However, if close of escrow instead occurs within thirty (30) days of the date of the Contract, then Seller does not have to pay that credit.

If the close of escrow date is modified at Seller's request, whether extended or shortened, the credit owed by Seller to Buyer will be adjusted. At the time of Seller's request for a modification, Buyer will inform Seller of the additional credit amount (for an extension) or credit reduction amount (for a shortening), and Seller can decide whether to (i) accept the modified close of escrow date and the corresponding adjustment to the credit owed or (ii) keep the original intended close of escrow date with no adjustment to the credit owed.

If Seller accepts the modified close of escrow date and credit adjustment, a new addendum will be signed by Seller and Buyer to supersede this Addendum.


_Brad Bonney_ 05/25/2026_____     _____
authorized signer on behalf of Opendoor Property Acquisition LLC and/or
nominee **Buyer Signature**             Date          Seller Signature          Date



                                        _____

                                        Seller Signature          Date



EQUAL HOUSING
OPPORTUNITY